United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS CAPOUS, | No. C 13-00358 DMR |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE** |
| v. | |
| UNITED STATES INTERNAL REVENUE SERVICE, | |
| Defendant. _____/ | |

On February 13, 2013, the court granted pro se Plaintiff Nicholas Capous's application for leave to proceed *in forma pauperis* ("IFP") and dismissed Plaintiff's Complaint with leave to amend.[1] [Docket No. 6.] On February 28, 2013, Plaintiff filed an Amended Complaint. [Docket No. 7.] In this action, Plaintiff seeks to recover from Defendant United States Internal Revenue Service ("IRS") $150,000 in taxes that he alleges the IRS wrongfully collected from him and/or his

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the plaintiff has consented but not served the defendants, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

previous enterprises in 1988 (*see* Compl. ¶¶ 5b, 5c, 5e, 5h, 5i; Am. Compl. ¶ 5d), and challenges a June 2011 IRS tax assessment of $79,052.72 (*see* Compl. ¶ 5h; Am. Compl. ¶ 5d).

In the court's February 13, 2013 Order, the court noted that a plaintiff bringing suit against the IRS to recover a refund must first have fully paid the assessed tax, must have filed an administrative claim for a refund, and the IRS must have denied the claim or failed to act within six months from the date of filing the claim. 26 U.S.C. §§ 6532, 7422; *Flora v. United States*, 362 U.S. 145, 177 (1960) (holding that full payment of assessment required prior to suit in federal court). The "timely filing of a refund claim [is] a jurisdictional prerequisite to bringing suit." *Zeier v. United States Internal Revenue Serv.*, 80 F.3d 1360, 1363 (9th Cir. 1996) (quotation marks omitted, alteration in original) (citing *Comm'r v. Lundy*, 516 U.S. 235, 240 (1996)). In his Amended Complaint, Plaintiff concedes that he has not filed a claim for a refund. (Am. Compl. ¶ 5b.) Accordingly, the court does not have jurisdiction over this dispute. Further, the court concludes that any amendment would be futile, given Plaintiff's admitted failure to have satisfied the jurisdictional prerequisites to filing a lawsuit. As Plaintiff may be able to cure this defect in his complaint at some point in the future, his Amended Complaint is dismissed without prejudice.

IT IS SO ORDERED.

Dated: March 21, 2013



_____
DONNA M. RYU
United States Magistrate Judge