United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS CAPOUS,

    Plaintiff,

v.

UNITED STATES INTERNAL REVENUE SERVICE,

    Defendant.
_____/

No. C 13-00358 DMR

**ORDER DISMISSING SECOND AMENDED COMPLAINT**

On February 13, 2013, the court granted pro se Plaintiff Nicholas Capous's application for leave to proceed *in forma pauperis* ("IFP") and dismissed Plaintiff's Complaint with leave to amend.[1] [Docket No. 6.] On February 28, 2013, Plaintiff filed an Amended Complaint. [Docket No. 7.] The court dismissed the Amended Complaint without prejudice and closed the case on

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the plaintiff has consented but not served the defendants, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

March 23, 2013. [Docket No. 8.] On September 26, 2013, without seeking leave to reopen the case and file an amended complaint, Plaintiff filed a Second Amended Complaint. [Docket No. 10.] In the interest of judicial economy, the court will construe Plaintiff's filing as a late amended complaint in his original case. For the following reasons, the court dismisses without prejudice Plaintiff's Second Amended Complaint.

**I. Discussion**

In this action, Plaintiff seeks to recover from Defendant United States Internal Revenue Service ("IRS") $150,000 in taxes that he alleges the IRS wrongfully collected from him and/or his previous enterprises in 1988 (*see* Compl. ¶¶ 5b, 5c, 5e, 5h, 5i; Am. Compl. ¶ 5d), and challenges a June 2011 IRS tax assessment of $79,052.72 (*see* Compl. ¶ 5h; Am. Compl. ¶ 5d).

In the court's February 13, 2013 Order dismissing Plaintiff's Complaint, the court noted that a plaintiff bringing suit against the IRS to recover a refund must first have fully paid the assessed tax, must have filed an administrative claim for a refund, and the IRS must have denied the claim or failed to act within six months from the date of filing the claim. 26 U.S.C. §§ 6532(a), 7422(a); *Flora v. United States*, 362 U.S. 145, 177 (1960) (holding that full payment of assessment required prior to suit in federal court).[2] The "timely filing of a refund claim [is] a jurisdictional prerequisite to bringing suit." *Zeier v. United States Internal Revenue Serv.*, 80 F.3d 1360, 1363 (9th Cir. 1996) (quotation marks omitted, alteration in original) (citing *Comm'r v. Lundy*, 516 U.S. 235, 240 (1996)). In his Amended Complaint, Plaintiff conceded that he has not filed a claim for a refund. (Am. Compl. ¶ 5b.) Accordingly, as the court lacked jurisdiction over the dispute, the court dismissed without prejudice Plaintiff's Amended Complaint and closed the case. The court noted that Plaintiff might be able to cure this defect in his complaint at some point in the future. [Docket No. 8.]

---

[2] Any claim for refund must be filed within the period of time provided by 26 U.S.C. § 6511. Section 6511(a) provides in pertinent part that a "[c]laim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid."

1    On September 26, 2013, Plaintiff filed a Second Amended Complaint in which he asserts that he has cured the defect of his previous complaints. [Docket No. 10 (2d Am. Compl.).] Plaintiff attaches to his Second Amended Complaint a copy of his March 28, 2013 administrative claim for a refund of $150,000 and a letter from Plaintiff described as a "follow up" which is stamped "Received" by the IRS on August 15, 2013. (2d Am. Compl. Exs. 1, 2.) Plaintiff also attaches a third exhibit, a letter from the IRS to Plaintiff dated September 12, 2013, which he states "indicates the IRS [is] not resolving my case." (2d Am. Compl. at 4, Ex. 3.) However, the IRS letter does not indicate that the IRS is "not resolving" Plaintiff's case. Instead, the IRS writes that it "[hasn't] resolved this matter because we haven't completed all the research necessary for a complete response" and that it "will contact [Plaintiff] again within 45 days" regarding what action it will take. (2d Am. Compl. Ex. 3.) Therefore, it appears that Plaintiff's administrative claim remains pending. As the IRS has neither denied the claim nor failed to act within six months of the date Plaintiff filed his claim, Plaintiff has not yet satisfied the jurisdictional requirements necessary to bring a suit in district court. This matter must again be dismissed for lack of subject matter jurisdiction.

## II. Conclusion

Plaintiff's Second Amended Complaint is dismissed without prejudice and this matter is again ordered closed. Plaintiff is not granted further leave to amend the complaint in this case. If Plaintiff wishes to file a new complaint in the future regarding these allegations, he must file a new lawsuit.

IT IS SO ORDERED.

Dated: October 17, 2013



DONNA M. RYU
United States Magistrate Judge

3